■ JACK BURRA, Respondent, v. GREATER NEW YORK ASSOCIATION, INC., Appellant.— Judgment in an action to recover damages for personal injuries reversed, on the law, the facts having been considered and the complaint dismissed, with costs to defendant-appellant. Plaintiff failed to establish actionable negligence. Defendant owned and operated a race track at which plaintiff was a patron, having paid admission. Plaintiff was standing outside a fence, in the paddock area, four feet high and approximately one quarter of a mile in circumference. The fence enclosed a track, distant 42 inches within the fence, and 12 feet wide, around which the horses were led for purposes of display and to be mounted. One of the horses lunged towards but did not reach the fence. The patrons standing at or near the fence became apprehensive, moved or pushed back, causing the plaintiff to come in contact with a television platform and to sustain the injuries complained of. The testimony showed there were 12 Pinkerton men assigned to this area. The horses were controlled by grooms and jockeys. There was no proof that defendant had any notice that the horse was dangerous or that its conduct was likely to cause the spectators to behave as they did. Neither the location of the television platform in this area for the purpose of taking pictures of the horses nor the number of patrons present was the proximate cause of the occurrence. Moreover, there was no proof of overcrowding. Concur — Valente, McNally and Noonan, JJ.; Botein, P. J., and Breitel, J., dissent and vote to affirm in the following memorandum by Breitel, J.: The trial court properly submitted to the jury the question of fact whether defendant, knowing the propensities of race horses, nervous and highly-bred, took the necessary precautions to prevent injury to persons in the crowds that it knew would assemble. The adequacy — the apparent adequacy — of the fence which surrounded the paddock area was an issue of fact. For the fence was a precaution, not only to protect the crowd in the event of horses misbehaving, but it was designed to give assurance to such crowd so that it would not itself act improperly and injure one of its members, as happened here. The problem in this accident was not to prevent the horse from lunging but to prevent a crowd from taking reasonable alarm and, foreseeably, creating a panic to the injury of one of its members. This, indeed, was the gravamen of the complaint and the bill of particulars. Hence, there was an issue of fact within the pleadings and the proof which could not be disposed of as a matter of law. Accordingly, I dissent and vote to affirm the judgment.